# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1205V
(not to be published)

| | |
|---|---|
| KATHLEEN DOHERTY-PECK,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 30, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Administrative Time; Duplicate Billing; Travel Time |

*Stephen M. Reck*, The Law Firm of Stephen M. Reck, LLC, North Stonington, CT, for Petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 7, 2017, Kathleen Doherty-Peck filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration caused by the tetanus vaccination she received on September 26, 2014. (Petition at 1, ¶¶ 3-4). On March 11, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 56).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 25, 2020 (ECF No. 60), requesting a total award of $32,177.65 (representing $29,140.35 in fees and $3,037.30 in costs). In accordance with General Order #9, Petitioner has offered a signed statement indicating that she incurred no out-of-pocket expenses. (*Id.* at 3). Respondent reacted to the motion on March 26, 2020, indicating that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, and defers to my discretion in determining the amount to be awarded. (ECF No. 61). Petitioner did not file a reply thereafter.

For the reasons set forth below, I hereby GRANT IN PART, Petitioner's motion awarding final attorney's fees and costs in the amount of **$22,695.81**.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

    A.  Hourly Rates

Petitioner requests I endorse the following rates: Stephen Reck at the rate of $450 per hour for all time billed from 2016 – 2020; and for his paralegal, Sarah Thorp, the rate of $150 per hour. (ECF No. 60 at 1). After review, I find adjustments are needed to all rates requested.

        i.     Stephen M. Reck

Stephen Reck has been a licensed attorney since 1991, placing him in the OSM range of attorneys with 20 – 30 years' experience for all his time billed between 2016 - 2020. (ECF No. 60 at 5). Mr. Reck's requested rate of $450 per hour for any period, however, exceeds what an attorney with comparable overall legal experience, but a lack of Vaccine Act-specific experience, would receive in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Mr. Reck has very limited demonstrated experience in the Vaccine Program, having been attorney of record in only one previous case, in which I awarded him the hourly rate of $325 per hour for time billed in 2016. *See Neddeau v. Sec'y of Health & Human Servs.*, No. 15-1092V, 2016 WL 4272070, (Fed. Cl. Spec. Mstr. Jun. 16, 2016).

Due to Mr. Reck's limited experience in the Vaccine Program, the nature of work performed, and the overall excessiveness of the requested rate I find it appropriate to reduce his time to the following rates:

- $325 per hour for work performed in 2016;
- $340 per hour for work performed in 2017;
- $360 per hour for work performed in 2018;
- $380 per hour for work performed in 2019; and
- $400 per hour for work performed in 2020.

This reduces the total amount to be awarded as fees in this case for work Mr. Reck performed by **$3,769.51**.[3]

---

[3] This amount consists of ($450 - $325 = $125 x 1 hr = $125) + ($450 - $340 = $110 x 6.9 hrs = $759) + ($450 - $360 = $90 x 11.58 hrs = $1,042.20) + ($450 – $380 = $70 x 26.133 hrs = $1,829.31) + ($450 - $400 = $50 x 2.8 hrs = $140) = $3,769.51.

ii.     Paralegal Rates

Petitioner is requesting an hourly rate of $150 for the work of paralegal Sarah Thorp on this case. This rate exceeds the OSM Attorneys' Forum Hourly Rate Schedules ranges for paralegals for all years billed between 2016 - 2019. Due to this, I reduce the paralegal rates to the following:

- $125 per hour for work performed in 2016;
- $130 per hour for work performed in 2017;
- $135 per hour for work performed in 2018;
- $140 per hour for work performed in 2019; and
- $145 per hour for work performed in 2020.

This reduces the amount to be awarded for fees in this case in the amount of **$797.70**.[4]

B.  Vague Billing, Duplicative Billing, Billing for Administrative Tasks, Travel

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have specifically noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

In reviewing the invoices submitted, I found several instances in which Mr. Reck and Ms. Thorp had both billed time for work that is not necessary for two people to perform. Examples of these include:

- November 9, 2018 (0.30 hrs each) "talk to steve about";

- January 11, 2019 (0.60 hrs each) "SMR dictate le. To Dr. Anabari";

---

[4] This amount consists of ($150 – $125 = $25 x 2.1 hrs = $52.50) + ($150 - $130 = $20 x 16 hrs = $320) + ($150 -$135 = $15 x 10.88 hrs = $163.20) + ($150 - $140 = $10 x 26.10 hrs = $261) + ($150 - $145 = $5 x 0.40 hrs = $2) = $797.70.

- January 14, 2019 (0.50 hrs each) "SMR dictate le & st sent le. To Dr. Anbari"; and

- July 11, 2019 (2.50 hrs each) "smr (1 hr.) telephone mtg. with Court, ST & SMR meeting, client pc"

(ECF No. 60 at 10 and 12).[5] Accordingly, such duplicative and unnecessary billing provides grounds for adjusting downward the fees to be awarded.

It also appears that a number of entries in the billing records reflect work performed on tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorney's fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).

Examples of these include:

- August 31, 2017 (0.30 hrs) "ST organize records";

- September 6, 2017 (2.0 hrs) "ST Scan and e-file petition[6]";

- March 8, 2018 (0.30 hrs) "ST request ch. & mail to ortho P.";

- July 15, 2019 (0.50 hrs) "print out docs for binder"; and

- July 29, 2019 (1.0 hrs) "download CD's of radiology onto our computer."

(ECF No. 60 at 6 and 12).

Special masters have previously decreased an award of attorney's fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently

---

[5] These are merely examples and not an exhaustive list.

[6] The Act does permit billing time for e-filing documents, but in this instance the task of e-filing the petition is included in time entries also referencing the scanning of documents, a task considered administrative.

detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl.Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioners bear the burden of documenting the fees and costs claimed. *Id.* at *8. Both Mr. Reck and Ms. Thorp's billing consisted of one-line entries or combined billing entries on the same line making it difficult to decipher the importance and relevance of each entries. Examples of vague billing include:

- September 16, 2016 (0.30 hrs) "le. To clerk";

- August 22, 2017 (0.30 hrs) "ST research";

- October 17, 2017 (0.10 hrs) "ST email all";

- May 25, 2018 (0.20 hrs) "ST email Atty Hartley";

- October 3, 2018 (0.20 hrs) "ST email all" and;

- June 5, 2019 (0.10 hrs) "ST emailed Kathie"

(ECF No. 60 at 6-8, 10, 12).

Finally, Mr. Reck has over-billed for his travel time in meeting with Petitioner. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). On September 18, 2019, Mr. Reck billed for 3 hours as, "SMR travel and meeting with Dr. Anbari". (ECF No. 60 at 13). As the travel time is billed together with the time meeting with Dr. Anbari, I am unable to decipher the amount of time spent on each task.

Based upon the reasons listed above, and after taking into account the rate reductions discussed above, I reduce the requested amount of attorney's fees to be awarded in the block amount of 20 percent, for a total reduction of **$4,914.63**.[7]

## ATTORNEY COSTS

Petitioner requests $3,037.30 in overall costs. (ECF No. 60 at 15). This amount is comprised of obtaining medical records, postage, and the Court's filing fee. I have reviewed all of the requested costs and find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$22,695.81** (representing $19,658.51 in fees and $3,037.30 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[7] This amount is calculated after the hourly rate reduction was reduced from the total. $29,140.35 - $3,769.51 - $797.70 = $24,573.14 x .20 = $4,914.63.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.